UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY LEVI NELSON,

      Plaintiff,

      v.

Civil Action 2:21-cv-1177
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

MATTHEW T. WEIDIMEN, *et al.*,

      Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Anthony Levi Nelson, an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983, asserting claims against Fayette County Jail Administrator Matthew T. Weidimen, Fayette County Court of Common Pleas Judge Steven P. Beathard, and Fayette County Jail Nurse Darci Moore (collectively "Defendants"), alleging that the Fayette County Jail failed to take sufficient precautions to prevent him from being exposed to the COVID-19 virus. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the

reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $402 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he cannot pay the filing fee because he currently possesses no money in his prison account.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts at Fayette County Jail is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $402.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted; . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See*

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "to less stringent standards than

formal pleadings drafted by lawyers." *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

## II.

Plaintiff's Complaint alleges that Defendants' failure to follow health guidelines put him and other inmates at risk of contracting COVID-19. (Compl., ECF No. 1-1 at PAGEID #15.) Plaintiff alleges that he was not tested or quarantined properly on intake, and that inmates were not given proper medical care. (*Id.*) Plaintiff appears to allege that he contracted COVID-19 or is at least suffering stress and anxiety from potentially contracting it, among other health concerns. (*See id.* at PAGEID #41.) Plaintiff further alleges that inmate mail was held back, that inmate correspondence to their attorneys was sent to incorrect email addresses, and that resulting inmate grievances went unanswered. (*Id.* at PAGEID #15.) Plaintiff asks that all parties involved be reprimanded, that all staff be properly trained and educated on COVID-19, and that inmates are given proper medical attention. (*See id.* at PAGEID #16.) Plaintiff further seeks $3,000,000 from the Fayette County Jail for putting his life, and others, in danger. (*See id.* at PAGEID #41.)

Plaintiff attaches several documents to his complaint (*See id.* at PAGEID ##17–40), the first being what appears to be a COVID-19 test taken by Plaintiff on November 8, 2020. (*See id.* at PAGEID #17.) Plaintiff also attaches lists of COVID protocol violations by jail staff (such as failure to wear gloves or masks). (*See id.* at PAGEID ##18–20, 26–40.) Plaintiff attaches several letters to Defendant Moore signed by Plaintiff and other inmates, listing various complaints about testing and quarantine, and claiming administration is not following proper governmental guidelines. (*See id.* at PAGEID #21–24.) Plaintiff attaches a document written by

5

him for another lawsuit related to similar claims, also alleging lack of proper training and a violation of inmates' rights. (*See id.* at PAGEID #25.) In the document, Plaintiff alleges Defendant Wiedimen denied his request for documents regarding governmental COVID-19 guidelines. (*Id.*) Plaintiff alleges that though he was arrested on October 4, 2020, he was not tested until November 6, 2020, and that Defendant Weidimen was aware that jail staff had contracted COVID-19 yet did not make any changes until it was too late, with proper guidelines still not being followed. (*Id.*)

## III.

The undersigned construes Plaintiff's Complaint as seeking to advance a conditions-of-confinement claim under the Eight Amendment.[1]

As a threshold matter, although Plaintiff has not designated the capacity in which he is suing Defendants, it appears that he intends to advance official-capacity claims as he names Fayette County Jail Administrator Weidimen, Judge Beathard, and Jail Nurse Moore, but his allegations do not pertain to specific actions any particular Defendant took except for one by Defendant Weidimen, and he does not seek monetary damages from any individual Defendant, but from the Fayette County Jail. *See Moore v. City of Harriman*, 272 F.3d 769, 775 (6th Cir. 2001) (*en banc*), *cert. denied*, 536 U.S. 922 (2002) (holding that "§ 1983 plaintiffs must clearly notify defendants of the potential for individual liability" and "clarify[ing] that reviewing the course of proceedings is the most appropriate way to determine whether such notice has been

---

[1] Plaintiff also makes passing references to the withholding of inmates' mail and misdirection of inmate correspondence with their attorneys. (Compl., ECF No. 1-1 at PAGEID #15.) To the extent Plaintiff intends to advance a claim for violation of his First Amendment right to access the courts, he has not advanced any non-conclusory allegations on which the Court could rely to conclude that Defendants violated Plaintiff's First Amendment rights.

given"); *Thomas v. Noder-Love*, 621 F. App'x 825, 831 (6th Cir. 2015) (applying "course of proceedings" test to determine that complaint named the defendant in his official capacity only); *United States ex rel Diop v. Wayne Cty. Cmty. College Dist.*, 242 F.Supp.2d 497, 517 (E.D. Mich. 2003) ("Absent a clear notification that defendants are being sued in their individual capacities, courts must assume that they are being sued in their official capacities, only."). Regardless of whether Plaintiff intended to advance these claims against Defendants in their official or individual capacities, his claims fail.

A.     **Official-Capacity Claims**

"While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Applied here, to the extent Plaintiff intended to sue Defendants Weidman, Moore, and Beathard in their official capacities, such claims are advanced against Fayette County.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom." (citing *Hardrick v. City of Detroit,* 876 F.3d

7

238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).

Here, Plaintiff has not alleged enough facts upon which the Court could rely to conclude that the execution of an official policy or custom of Fayette County resulted in the violation of his constitutional rights.[2] Consequently, it is **RECOMMENDED** that any official-capacity claims be **DISMISSED** pursuant to § 1915(e)(2). *See Monell*, 436 U.S. at 708; *Moore v. CCNO S. Health Partners*, No. 3:20-cv-1278, 2020 WL 6729033, at *2 (N.D. Ohio Nov. 16, 2020) (dismissing inmate's Eighth-Amendment *Monell* claim premised upon COVID-19 exposure against municipal defendant because plaintiff failed to identify and attack a policy of municipal defendant).

**B.** **Individual-Capacity Claims**

Plaintiff has likewise failed to plausibly allege an Eighth-Amendment claim against Defendants in their individual capacities.

"The [Eighth] Amendment . . . imposes duties on [prison] officials, who must provide

---

[2]In fact, the exhibit Plaintiff attaches to his Complaint (*see* ECF No. 1-1 at PAGEID ##18–20) in which he logs particular instances in which he or other inmates observed corrections officers without masks and gloves suggests that procedures have, in fact, been implemented to prevent the spread of the COVID-19 virus, and it appears that the log entries reflect instances in which Plaintiff alleges nonparty corrections officers failed to follow those procedures. Furthermore, the attached COVID-19 test result (*Id.* at 17) suggests Plaintiff was tested for COVID-19, contrary to his allegation.

humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates . . . ." *Farmer v. Brennan*, 511 U.S. 825, 932-33 (1994) (internal quotation marks and citations omitted). *See also Helling v. McKinney*, 509 U.S. 25, 33 (1993) (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989)) (holding that the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety'").

Such claims under the Eighth Amendment require the plaintiff "to prove both the subjective and objective elements necessary to prove an Eighth Amendment violation." *Helling*, 509 U.S. at 35. To satisfy the objective component for a claim based upon a failure to prevent harm, "the inmate must show he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citations omitted). "To satisfy the subjective component, an inmate must show that prison officials had a sufficiently culpable state of mind." *Berksire v. Beauvais*, 928 F.3d 520, 535 (6th Cir. 2019) (internal quotation marks and citations omitted). The United States Court of Appeals for the Sixth Circuit has explained as follows:

> "[T]hat state of mind is one of deliberate indifference to inmate health or safety. Although the deliberate indifference standard describes a state of mind more blameworthy than negligence, this standard is satisfied if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Id*. (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (internal quotation marks and citations omitted)).

Here, the objective prong is satisfied as "[t]he COVID-19 virus creates a substantial risk of serious harm leading to pneumonia, respiratory failure, or death." *Wilson v. Williams*, 961

9

F.3d 829, 840 (6th Cir. 2020).

In contrast, Plaintiff has failed to allege facts upon which the Court could rely to conclude the subjective prong is satisfied. Neither the Complaint nor the exhibits to the Complaint provide content or context from which the Court could reasonably infer that Defendants were personally involved in the alleged violations of Plaintiff's rights, which is required to state a § 1983 individual-capacity claim. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct") (internal quotation omitted). With the exception of Defendant Weidimen's statement that Plaintiff's request for a copy of governmental guidelines was rejected, no other allegations reflect personal involvement of any Defendant in an alleged violation of Plaintiff's rights. (Compl. ECF No. 1-1 at PAGEID #25.)

Because Plaintiff has failed to plausibly allege that the Defendants were personally involved in any alleged violation of Plaintiff's rights, it is **RECOMMENDED** that any individual-capacity claim Plaintiff intended to advance be **DISMISSED** pursuant to § 1915(e)(2).

### IV.

For the reasons set forth above, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted. In addition, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE